L-21-008

| KNOX County | | | |
|---|---|---|---|
| CHANCERY COURT | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 2021 MAR 29 AM 9: 15 | Case Number<br>202131 | |

Billiards and Brews, LLC **Vs.** City of Knoxville, Tennessee, et al.
RICHARD Q. HOGAN

Served On:
City of Knoxville    c/o Charles Swanson, Esq. City Attorney, 400 Main Street, Room 669, Knoxville, Tn 37902

You are hereby summoned to defend a civil action filed against you in **Chancery** Court, **Knox** County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 3-29-21

_____
Clerk / Deputy Clerk

Attorney for Plaintiff: Russ Egli & Brett Stokes
11109 Lake Ridge Drive, FL 3, Concord, TN 37934

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____ . _____ Clerk, _____ County

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

**CERTIFICATION (IF APPLICABLE)**

I, _____ , _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN**: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____

Date: _____    By: _____
Please Print: Officer, Title

_____    _____
Agency Address      Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____ , I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____ On _____ I received the return receipt, which had been signed by _____ on _____ . The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____    _____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____    _____
Signature of Plaintiff      Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

A.D.A. If you need assistance or accommodations because of a disability, call _____ , A.D.A Coordinator, at ( )

Rev. 03/11

**EXHIBIT**
**1**

**IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE**
**AT KNOXVILLE**

BILLIARDS & BREWS, LLC,  )
           )
  Petitioner,     )
           )
v.          )  No. _____ 202131-2
           )
CITY OF KNOXVILLE, TENNESSEE )  **THIS IS FIRST APPLICATION FOR**
and THE KNOXVILLE CITY COUNCIL, )  **EXTRAORDINARY RELIEF**
           )
  Respondents.   )

---

## PETITION FOR DAMAGES, FOR DECLARATORY JUDGMENT AND FOR INJUNCTIVE RELIEF

---

   Petitioner, by and through under-signed counsel, hereby sets forth its claims for damages against the Respondents jointly and severally, declaratory relief and for injunctive relief and in support of same would state to this Honorable Court as follows:

### PARTIES

   1.  Petitioner, Billiards & Brews, LLC (hereinafter "B&B") is a Tennessee limited liability company duly authorized by the Tennessee Secretary of State. Petitioner's principal place of business is within the City of Knoxville's jurisdiction.

   2.  Respondent, City of Knoxville, is a municipality located in Knoxville, Tennessee.

   3.  Respondent, The Knoxville City Council, is a sub-division of the City of Knoxville government and also acts as the City Beer Board.

### JURISDICTION AND VENUE

   4.  Jurisdiction and venue are proper before this Honorable Court as the Petitioner's damages arise out of the City of Knoxville and the County of Knox, Tennessee. This complaint is brought for declaratory action, violation of constitutional rights under the Tennessee constitution and

injunctive relief. All parties named herein are citizens and residents or have their principal place of business in Knoxville, Knox County, Tennessee.

FACTS GIVING RISE TO CAUSE OF ACTION

5.     Petitioner, B&B is a Tennessee limited liability company wholly owned by Richard Lawhorn. B&B is a billiards sports bar where patrons can come play pool, throw darts, watch their favorite sports and have beers and cocktails, as well as food.

6.     In 2020, the United States was dealt with the unprecedented release of a virus from China known as the Corona Virus, also known as Covid-19. Prior to the COVID-19 Pandemic, B&B's operating hours were from 11 AM to 3 AM.

7.     In the spring of 2020, Governor Bill Lee began instituting emergency executive orders such as shelter in place, restricting gatherings and shutting down what was deemed as non-essential businesses, which included restaurants and bars. In doing so, Governor Lee did not enumerate powers to anyone to make and pass new laws. To do so, would have been a blatant violation of the separation of powers under the Tennessee Constitution. See Tenn. Const. § 2 art. II. Many, if not all of these executive orders issued by Governor Lee have now been lifted.

8.     Many small business owners never opened their doors again due to the unconstitutional lock down. During this same time, the Knox County Health Department, one of six health departments in Tennessee, began issuing its own orders without authority to do so forcing night clubs, bars, etc. to close completely.

9.     Despite the Knox County Health Board not having any enumerated powers to pass law it did so any way. The mandate at issue in this lawsuit which the Knox County Health Board issued and the City of Knoxville illegally adopted was Board of Health Regulation 2020-5 (Curfew Regarding the Sale or Consumption of Alcoholic Beverages in Certain Establishments Regulation).

Case 3:21-cv-00120-CLC-HBG   Document 1-1   Filed 04/01/21   Page 3 of 23   PageID #: 6

10. This illegal regulation limited on-premises consumption of food and drink in "any restaurant club, or any other business of any kind" past 11 PM. Also at issue in this lawsuit is Board of Health Regulation 2020-7 (the "COVID-19 Restaurant Occupancy Limitation and Early Closure Regulation") which ordered that "[a]ll restaurants, bars, and similar food or drink establishments, including night clubs, shall close for on-premise consumption and activities at 10 PM. Board of Health Regulation. (referred to hereinafter as "curfew law").

11. As a direct result of the illegal acts by the Respondents, Petitioner was cited under the curfew law and Petitioner's beer permit was revoked by The Knoxville City Council on February 10, 2021.

13. Respondents had no right whatsoever to adopt and enforce the curfew law. There has never been any enumerated designation by the Governor or anyone else to allow Respondents to take the place of the Tennessee legislature to pass law.

14. The Knox County Health Department's passing of the curfew law and Respondents' adoption of same violates the separation of powers set forth in the Tennessee Constitutions. See Tenn. Const. § 2 art. II.

15. Likewise, the City of Knoxville and Knoxville City Council lack any authority to pass laws and enforce same without it first going through the Tennessee legislature and being approved and enacted by same.

16. The illegal curfew law violates the Taking Clause of the Tennessee Constitution as it removes the ability of the Petitioner and others like it to run their business which is duly authorized to do so under the laws of Tennessee. See Tenn. Const. art. I, Section 21.

17. The curfew law even if legal, and in the alternative, does not pass muster under strict scrutiny and is arbitrary and capricious. The Respondents have zero scientific or medical basis that COVID-19 is spread more after 10 PM or at any time throughout the day or night. Likewise,

Respondents have zero scientific basis that more cases of COVID-19 are contracted after 10 PM nor do Respondents have any scientific basis that the current hardships of COVID-19 in Knoxville are worsened by people and businesses engaging in conduct after 10 PM. *In fact, the Knox County Health Board by its own admission stated in its minutes that there was no scientific and or medical basis supporting the curfew law.* See Exhibit A, Page 2, ¶ 8. Also see, https://archive.org/details/beer-brd-r-293-201117.

18.    With regard to people drinking in crowds at establishments such as B&B, people can drink as much or more during the day as they might drink at 10 PM or later.

19.    As a direct result of the Respondents acts and or omissions set forth herein Petitioner has lost thousands of dollars which compounds daily and Petitioner is being irreparable harmed with each day that goes by until this Court enjoins the illegal acts of the Respondents. See Dec. of Richard Lawhorn attached. However, it will be difficult for the Petitioner to prove with certainty how many customers would come to its business after 10 PM and how much those customers would spend.

20.    If the revocation of the Petitioner's beer permit is not enjoined by this Honorable Court through a preliminary injunction Petitioner will have to close its business for good. See Id. Such a loss would be permanent.

21.    Immunity is removed from the Respondents herein under the TGTLA.

22.    At all relevant times herein, Respondents were acting under the color of law.

<u>COUNT I – DECLARATORY JUDGMENT</u>

23.    Petitioners reincorporate the averments set forth herein in support of Count I.

24.    This Court has full authority to declare the curfew law enacted and enforced by the Respondents herein as unconstitutional with respect to the Tennessee Constitution. See Tenn. R. Civ. Proc. 57, as well as T.C.A. § 29-14-101 et seq.

25.    Respondents, were never enumerated any authority, power or otherwise to pass or enforce the curfew law.

Page 4 of 11

26.     Enforcement of the illegal curfew law violates the Separation of Powers under the Tennessee Constitution and is therefore void *ab initio*.

27.     Therefore, this Court should find that the curfew law violates the Tennessee Constitution, and specifically the authority of the Tennessee legislature to enact laws.

28.     As a direct result of the Respondents violation of the Tennessee Constitution the Petitioners have suffered irreparable harm and continue to suffer such harm day by day until Petitioner has to close for good and such acts by the Respondents should be enjoined.

### COUNT II – RESPONDENTS' CURFEW LAW IS ARBITRARY AND CAPRICIOUS

29.     Petitioner reincorporates the averment set forth herein in support of Count II.

30.     There is no valid or sound scientific or medical rationale for Respondents to require restaurants to cease in-person dining or consumption of alcohol at 10 PM.

31.     The curfew law is not based on science or medicine, but instead is based entirely on the time of day, which is completely irrelevant in the context of the COVID-19 virus.

32.     Essentially, Respondents are seeking to enforce a blanket prohibition against restaurant dining after 10 PM with no evidence whatsoever as to how the curfew law would reduce the transmission of COVID-19.

33.     Respondents established the curfew law with no findings, studies, or evidence to support the curfew.

34.     There is no valid or sound scientific or medical rationale for prohibiting restaurants from staying open for inhouse dining after 10 PM while allowing supermarkets, malls, and other businesses with large numbers of customers from operating after 10 PM, as has been done by the Respondents.

35.     Petitioner already was under the COVID-19 safety guidelines for restaurants taking all required measures to ensure the safety of its customers while they dine in its restaurant. Despite this

fact, the Respondents adopted and enforced the curfew law on top of the prior restrictions already in place with no findings, studies, or evidence to support the need for the curfew law.

36.   Respondents have no evidence that the prior COVID-19 restaurant safety measures were insufficient to safely operate after 10 PM.

37.   By reason of the foregoing, the decision of the Respondents to adopt and enforce the curfew law prohibiting patrons in restaurants and bars after 10 PM is arbitrary, capricious and an abuse of discretion.

38.   The Petitioner has a clear legal right not to be subject to the subjective and discriminatory decisions and policies of the Respondents which amount to so-called government acceptance of one form of business over another form of business, and not grounded in good science or medical data, and is thus, arbitrary and capricious as well.

39.   Petitioner is suffering irreparable injury and is threatened with the irreparable injury in the future by reason of being forced to cease the operation of its business after 10 PM or face enforcement actions by the Respondents, which the Petitioner has already been subjected to, and Petitioner has no plain, adequate nor complete remedy to protect the constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

40.   The Petitioner faces the real prospect of complete loss of its business and the violation of its civil rights and liberties as a result of Respondents enactment and enforcement of the curfew law preventing it from doing business after 10 PM.

41.   Petitioner is therefore entitled to a declaratory judgment that the curfew law preventing restaurants and bars from staying open past 10 PM is arbitrary and capricious, together with a preliminary and permanent injunction prohibiting the enforcement of the curfew law by the Respondents and such relief would not be contrary to the public interest.

## COUNT III – THE CURFEW LAW IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION CLAUSE AND CORRESPONDING PROVISIONS OF THE TENNESSEE CONSTITUTION

42.     Petitioner reincorporates the averments set forth herein in support of Count III.

43.     The curfew law violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and corresponding provision of the Tennessee Constitution because it restricts the operation of restaurants after the hours of 10 PM but allows operations of other businesses, including similarly situated businesses that pose a risk of COVID-19 transmission, to operate after 10 PM despite the fact that the previous COVID-19 restaurant safety guidelines imposed by Knoxville was sufficient to mitigate the risk of transmission in restaurants.

44.     Petitioner has a clear legal right to operate its business, and the Respondents have issued and enforced the curfew, which does not treat similarly situated parties in the same manner.

45.     The Petitioner has a clear legal right not to be subject to the subjective and discriminatory decisions and policies of the Respondents which amount to so-called government acceptance of one form of business over another form of business, and not grounded in good science or medical data, and is thus, arbitrary and capricious as well.

46.     Petitioner is suffering irreparable injury and is threatened with the irreparable injury in the future by reason of being forced to cease the operation of its business after 10 PM or face enforcement actions by the Respondents, which the Petitioner has already been subjected to, and Petitioner has no plain, adequate nor complete remedy to protect the constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

47.     The Petitioner faces the real prospect of complete loss of its business and the violation of its civil rights and liberties as a result of Respondents enactment and enforcement of the curfew law preventing it from doing business after 10 PM.

48.     Petitioner is therefore entitled to a declaratory judgment that the curfew law preventing restaurants and bars from staying open past 10 PM is arbitrary and capricious, together with a preliminary and permanent injunction prohibiting the enforcement of the curfew law by the Respondents and such relief would not be contrary to the public interest.

## COUNT IV – VIOLATION OF THE TENNESSEE CONSTITUTION (RIGHT OF FREE ASSOCIATION)

49.     Petitioner reincorporates the averments set forth herein in support of Count IV.

50.     The Tennessee constitution guarantees the right of free association to every person, including the Petitioner. See Tenn. Const. art. 1, Section 23.

51.     The curfew imposed and enforced by the Respondents directly infringes upon the Right of Free Association.

52.     Curfew ordinances are subject to strict scrutiny and cannot be sustained unless they are supported by a compelling government interest and are narrowly tailored to advance that interest.

53.     As shown herein, the Respondents' curfew is not supported by a compelling government interest. While preventing the spread of COVID-19 could be considered a compelling interest, that interest cannot support Respondents" curfew law because nothing about the curfew is related to that interest. The Petitioner avers the following particulars:

a.     the curfew only affects a minority of the City's businesses (restaurants and bars) and none of its governmental facilities, grocery stores, malls, etc. all of which are at least likely to be sources of the virus, and, in short, is irrational and underinclusive as to be arbitrary and capricious.

b.     there is no evidence to suggest that COVID-19 spreads more readily at night; and

c.     Respondents have already determined that occupancy restrictions, mask requirements, social distancing and sanitary precautions are sufficient to allow mass gatherings,

Case 3:21-cv-00120-CLC-HBG   Document 1-1   Filed 04/01/21   Page 9 of 23   PageID #: 12

including gatherings in restaurants and bars during daylight hours, and there is no reason to believe that those efforts would fail or prove less efficacious at night or in this matter past 10 PM.

54. The Respondents curfew law is not narrowly tailored. Petitioner avers the following particulars:

a. there are alternatives to the curfew which would be less intrusive on the Petitioner's economic interests, including increased sanitation after a certain time, face shields in lieu of cloth masks or increased security to ensure compliance with masking and social distancing.

b. there was no evidence suggesting COVID-19 was spread to a greater or lesser degree at different times of the day or to correlate the hours of the curfew to medical evidence demonstrating variable risk throughout the day.

c. the curfew does not advance the governments interest because of its dramatic under inclusiveness, as restaurants and bars selling alcohol are only a small minority of all social gathering areas, there is no showing that restaurants and establishments selling alcohol are especially likely to be sources of transmission, and there is no showing that prohibiting nighttime operations will reduce threat of disease; and

d. Respondents can and have imposed civil fines, suspension of beer licenses and criminal penalties on the owners and managers and employees of the Petitioner if the curfew is violated.

55. The curfew intrinsically interferes with the Petitioner's rights of association and assembly. Because the curfew requires the Petitioner to involuntarily close its business, the curfew physically prohibits the Petitioner from association with its patrons and employees.

56. This Court should enter a judgment declaring the curfew law unconstitutional on its face because it violates the Petitioner's right of association and assembly under the Tennessee Constitution.

57.     This court should enter a permanent injunction forever enjoining the Respondents or its various agents and employees from enforcing the curfew provisions of the Respondents curfew law against the Petitioner and its owners, officers, directors, managers and employees, and against any other similarly situated business.

## COUNT V – VIOLATION OF THE TENNESSEE CONSTITUTION – SEPARATION OF POWERS

58.     Petitioners reincorporate the averments set forth herein in support of Count IV.

59.     Respondents' enactment of the curfew law violates every aspect of the Tennessee Constitution and more importantly the Separation of Powers.

60.     The Separation of Powers of both the Tennessee and United States Constitution was enacted for the following reason:

> **Section 2.** Article II of the constitution reads that <u>the powers of the government shall be divided into three distinct departments</u>: legislative, executive, and judicial. It is explicit that: No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, something considered implicit in the federal constitution or inferred by its interpreters (Sections 1 and 2).

61.     Respondents' actions in enacting and enforcing a law they had no power to pass flies in the face of the Tennessee Constitution, § 2, Article II.

WHEREFORE, PETITIONER WOULD PRAY FOR JUDGMENT AGAINST THE RESPONDENTS AS FOLLOWS:

A. That this Complaint be filed and served upon the Respondents requiring their answer to same within the time required by law.

B. For the issuance of a preliminary and permanent injunction.

C. For a declaratory judgment that the Respondents adoption and enforcement of the curfew Law violates the Tennessee Constitution as set forth herein. .

D. For an award of damages to be determined at trial.

Page 10 of 11

E. For an award of Petitioner's attorney's fees for injunctive relief.

F. For costs to be taxed to the Respondents.

Respectfully submitted, this _____ day of March 2021.

_Russ Egli_ by permission
#26023
BDS

Russ Egli
Attorney for the Petitioner
The Wisdom building
11109 Lake Ridge Drive, FL3
Concord, TN 37934
(865) 304-4125
russelleglilaw@gmail.com

_Brett D. Stokes_

Brett Stokes
Attorney for the Petitioner
550 W. Main Street, Suite 950
Knoxville, TN 37902
(865) 690-0255
knoxvillebusinesslawyer@gmail.com

## COST BOND

We, the under-signed authorities, bind ourselves as principal and surety to the reasonable costs of this cause.

_Richard Lawhorn_

Billiards & Brews, LLC
Principal
By Richard Lawhorn

_Russ Egli_ by permission
#26023
BDS

Russ Egli
Surety

_Brett D. Stokes_

Brett Stokes
Surety

Page 11 of 11

Case 3:21-cv-00120-CLC-HBG   Document 1-1   Filed 04/01/21   Page 12 of 23   PageID #: 15

# knox news.

LOCAL

# Knoxville council allows beer permits to be stripped from repeat 11 p.m. curfew violators

**Travis Dorman** Knoxville News Sentinel

Published 8:42 p.m. ET Nov. 17, 2020 | Updated 10:04 a.m. ET Nov. 18, 2020

The Knox County Board of Health's 11 p.m. bar and restaurant curfew may now have some teeth — within city limits, anyway.

Knoxville City Council, which doubles as the city's beer board, approved an ordinance Tuesday night that says officials may take steps to suspend or revoke the beer permits of businesses that repeatedly violate coronavirus restrictions set by the governor, the mayor, the health board and the county health department's director.

That includes the health board's order mandating bars and restaurants close at 11 p.m., an order Knoxville Mayor Indya Kincannon said "a small but increasing number of businesses are choosing to ignore" as local COVID-19 case numbers continue to spike.

Before Tuesday, Knoxville police could have tried to enforce the curfew by issuing criminal misdemeanor citations to businesses that flouted it. But they didn't.

"Up to this point, the Knoxville Police Department has not issued any citations for establishments in violation of the curfew," police department spokesman Scott Erland wrote in an email Tuesday. "Our approach has been to educate establishments of the requirements of the Board of Health mandate and seek compliance from those in violation of the mandate through alternative, non-punitive methods, such as warnings."

Kincannon asked the city council to approve the ordinance as an emergency measure so it could be passed on its first reading Tuesday and take effect immediately. She also asked city council to close a loophole that allowed alcohol consumption to continue past the time the curfew forbids sales.

EXHIBIT A

Council members meeting virtually had plenty of questions, comments and concerns, but they ultimately passed both measures, 8-1. Councilmember Janet Testerman voted against.

The new ordinances don't so much change the law as they do clarify it, said Knoxville City Law Director Charles Swanson. Businesses with beer permits already are required to comply with the law. The ordinances clarify that the law includes health board orders and put rulebreakers on notice that officials may initiate civil — rather than criminal — proceedings.

"The law is very clear that (having a beer permit) is a privilege, rather than a right, and when people sign up to obtain a beer permit, one of the things that they promise they will do is that they will comply with the law," Swanson said.

Moving forward, a police officer who finds a business violating a health board order can issue a civil citation that may carry up to a $50 fine, the same amount as a criminal citation for violating a health board order. One civil citation won't lead to a business having its beer permit suspended or revoked, Swanson said, but repeat violators could face that risk after proceedings before an independent hearing officer.

The ordinances passed Tuesday do not affect liquor or wine sales, which are regulated by the state and require a separate license from the Tennessee Alcoholic Beverage Commission.

The changes to the city code come amid a worsening COVID-19 situation in Knox County, which has seen a record number of new confirmed cases each day this week. Taken together, the number of new cases recorded on Sunday, Monday and Tuesday — 253, 324 and 373, respectively — surpasses the total number of local cases recorded from March through June, when much of the country experienced stay-at-home orders.

Knox County also reported seven new COVID-19 deaths on Tuesday, the highest daily increase during the pandemic to date. One hundred and thirty-eight Knox County residents had died of the disease as of Tuesday, and 86 people were hospitalized.

Health officials who spoke during the city council meeting Tuesday acknowledged they don't have evidence tying the spread of the virus in Knoxville and Knox County to local bars and restaurants. But they said data have shown that to be the case elsewhere.

"We've all acknowledged that it's difficult being in the middle of a pandemic, trying to read the science, deal with the public, people who — I hate to say — become experts after reading one post on Facebook or Twitter, and that we are trying to make the best decisions that we can," said Dr. Patrick O'Brien, the member of the Knox County Board of Health who proposed the local mask mandate and the bar and restaurant curfew.

"The decisions that we've made have been few and far between," he said. "Wear a mask, and we have put this 11 o'clock curfew out there. Yes, I don't like it. It's not the best thing in the world, but you know what? It's something we can do that affects one little segment that could potentially decrease the spread of this disease."

Testerman, the only council member to oppose the measures, said she'd like to see more scientific evidence justifying ordinances that single out bars and restaurants. She said she doesn't believe the change will help mitigate the problem, and that businesses are having to abide by a "double standard" because "we don't have a unified city and county government working together."

"Leading by emotion versus facts — that's my struggle and concern," Testerman said before making an unsuccessful pitch to postpone the vote until January.

The health board first implemented the 11 p.m. bar and restaurant curfew on Sept. 16 after rescinding a 10 p.m. closure order that affected only bars. The curfew has been extended repeatedly since then.

Zack Roskop, president of the Knoxville Area Brewers Association, told Knox News the association's 20 member breweries have been "strictly following the curfew" and Centers for Disease Control guidelines. The curfew has had "more of a minor impact" on the craft brewery community, he said: Many of its members are more family or community focused and typically close before midnight anyway.

"From my opinion as a citizen, most of the bars that are not following the 11 p.m. curfew are not beer-focused, they are liquor- and wine-focused," said Roskop, who also owns Knox Brew Tours and Knox Brew Hub. "The city can't control the liquor license, but they can control the beer permit. I guess they're just looking for a way to enforce the curfew."

A local beer permit allows a business to sell beer and most hard seltzers so long as they don't exceed 8% alcohol by weight. A state liquor license is required to sell liquor, wine, drinks containing liquor or wine, and any other drink that surpasses that 8% benchmark.

"A business does not have to have a beer permit to sell liquor, and it does not have to have a liquor license to sell beer," explained Aaron Rummage, director of legislation, policy and communication for the Tennessee Alcoholic Beverage Commission.

"However, there are statutes and rules that may allow the state ABC to take administrative action on one of its licensees for wrongdoing found by a local beer board. And there are

similar provisions that may allow a local beer board to take administrative action on one of its permittees for some act of wrongdoing found by the ABC."

Roskop noted that even liquor-focused bars make money selling beer, so the new code changes in Knoxville may give the curfew more weight for all. He expressed frustration that the bars who've broken the rules haven't faced consequences, but he wouldn't say whether he's in favor of harsher punishments.

"I can say that we in the craft-beer community feel like we're setting the example for following the guidelines from the CDC and the city, and we're being punished," he said, "for following the rules."

*Reporters Brenna McDermott and Ryan Wilusz contributed to this story.*

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS & BREWS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| And THE KNOXVILLE CITY COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

---

## RULE 72 DECLARATION IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR DAMAGES, FOR DECLARATORY JUDGMENT AND FOR PRELIMINARY INJUNCTIVE RELIEF

---

STATE OF TENNESSEE      )
COUNTY OF KNOX          )

Comes the Declarant, Richard Lawhorn, on behalf of Billiards & Brews, LLC and subject to the penalty of perjury declares as follows:

1. I am the sole owner of Billiards and Brews, LLC. As such, I am fully familiar with the facts and circumstances as well as the pleadings and proceedings in this matter.

2. Billiards and Brews LLC was incorporated on May 22, 2014 and is located at 8705 Unicorn Dr. Ste. 110, Knoxville, TN 37923.

3. Billiards and Brews LLC was issued a Beer Permit by the City of Knoxville and Liquor-by- the- Drink License by The Tennessee Alcoholic Beverage Commission (TABC) and has never been cited for any violation by either one in recent times.

4. The Knoxville City Council, doubles as the city's beer board.

5. The Knoxville Police Department has illegally cited Billiards and Brews for failure to abide by the city's bar and restaurant alcohol curfew numerous times.

6. Billiards and Brews has taken care to strictly comply with the science and Governor Lee's guidelines for businesses, as follows:

   (a) Employees were required to wear masks at all times and maintain social distancing:

   (b) Employees were also provided with gloves and additional protective equipment.

   (c) Patrons were required to wear masks, except when seated.

   (d) Before and after each patron, the entire service area was sanitized, cleaned, and disinfected. I purchased additional cleaning supplies just for Covid-19.

   (e) Personal Protection Equipment ("PPE") was installed: masks; gloves; and hand sanitizer stations were installed throughout the premises.

7. I have been able to safely operate and there has not been one case of Covid-19 traced back to my business.

8. Before the illegal curfew we were earning a majority of our income *after 10:00 pm*. The curfew law has caused and continues to cause approximately $30,000 a week in lost revenues.

9. Petitioner challenges the basis for the 10:00 pm mandated closures, on Constitutional, and factual grounds. I respectfully refer the Court to the accompanying Petition.

10. Petitioner challenges the revocation of his Beer License by the City of Knoxville.

11. If the revocation of my beer permit is not restored by this Honorable Court through a preliminary injunction, I will have to close my business for good.

12. I am one of the Petitioners herein, have read the Complaint, and find the content thereof
    to be true except for these matters alleged upon information and belief, and as to those
    matters, I believe them to be true.

DECLARANT SWEARS THAT THE INFORMATION CONTAINED HEREIN IS TRUE
AND ACCURATE TO THE BEST OF HIS INFORMATION, KNOWLEDGE AND BELIEF
SUBJECT TO THE PENALTIES OF PERJURY.

FURTHER DELCARANT SAITH NOT.

_____
Billiards & Brews, LLC
By Richard Lawhorn

RECEIVED

2021 MAR 29 AM 10: 25

ENTERED

MAR 2 9 2021

HOWARD G. HOGAN

**IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| BILLIARDS & BREWS, LLC, | ) |
| and RICHARD LAWHORN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MAYOR INDYA KINCANNON, | ) |
| CITY OF KNOXVILLE, | ) |
| and KNOXVILLE POLICE DEPT., | ) |
| KNOX COUNTY HEALTH DEPT., | ) |
| & JOHN AND JANE DOES, | ) |
| | ) |
| Defendants. | ) |

No. _202131-2_

**THIS IS THE FIRST APPLICATION**
**FOR EXTRAORDINARY RELIEF**

---

### ORDER

---

Upon consideration of the Petitioner, Billiards and Brews, LLC., d/b/a/ Billiards and Brews, Complaint challenging the City of Knoxville's adoption of the "curfew" law shutting bars down at 10 PM and the subsequent revocation of its beer license it is:

ORDERED, ADJUUDGED AND DECREED that Petitioner's request to enter a temporary injunction regarding the revocation of Permittee's beer permit until this Honorable Court may hear the evidence of this case at trial is hereby GRANTED.

This is Petitioner/Appellant's first application for extraordinary relief in this cause.

*Petitioner shall post Injunction bond of $500.00*

ENTER this the 29th day of March, 2021.

Time: _MARCH 29, 2021_

CLARENCE PRIDEMORE, JR. CHANCELLOR

## CLERK'S CERTIFICATE OF SERVICE

I, the under-signed authority, certify that a true and accurate copy of the foregoing Injunction has been sent to:

City of Knoxville and The Knoxville City Council
c/o Charles Swanson, Esq.
City Law Director
400 Main Street, Room 669
Knoxville, TN 37902

This the _____ day of _____, 2021.


_____
Clerk

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **BILLIARDS & BREWS, LLC.** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| | ) | |
| | ) | **Case No. <u>202131-II</u>** |
| **V.** | ) | |
| | ) | |
| **CITY OF KNOXVILLE, TN** | ) | |
| **& KNOXVILLE CITY COUNCIL** | ) | |
| **DEFENDANTS** | ) | |

## NOTICE OF HEARING

**TO:**  City of Knoxville, TN          &          Knoxville City Council
C/o Charles Swanson                        C/o Scott Frost
400 Main Street                                800 S. Gay Street
Room 669                                          Ste. 2300
Knoxville, TN 37902                          Knoxville, TN 37929

You are hereby invited to attend and to be heard and to take notice that the Plaintiff,

Billiards & Brews, LLC., will appear on the *14th* day of *April*, 2021, at 9:30 a.m.

before Chancellor Pridemore for Knox County Tennessee that is located in the City

County Building located at 400 Main Street in Knoxville, TN 37902 to conduct a hearing

in regard to the Plaintiff's Ex Parte Temporary Restraining Order and whether or not

said Order shall become Permanent or shall be modified by this Honorable Court in any

shape, form or fashion as prayed for in the Complaint filed herewith.

Respectfully, submitted this *29th* day of *March*, 2021.

_____
BRETT D. STOKES (#26023)
550 W. Main Street
Suite 950
Knoxville, TN 37902
P: 865-546-4292
F: 865-546-4294
knoxvillebusinesslawyer@gmail.com

by permission
#26023
BDS

_____
Russ Egli (#24408)
The Wisdom Building
11109 Lake Ridge Drive, 3rd Floor
Concord, TN 37934
865-304-4125
russelleglilaw@gmail.com

## Certificate of Service

I do hereby acknowledge that a true and accurate copy of this pleading shall be served upon the Defendant in this cause and in accordance with Rule 5 of the Tennessee Rules of Civil Procedure.

Additionally, the Defendant shall be served with a Summons, Notice of Hearing, the Complaint for Damages and Injunctive Relief, and any Order granting a Temporary Restraining Order at the following address:

| City of Knoxville, TN | & | Knoxville City Council |
| C/o Charles Swanson | | C/o Scott Frost |
| 400 Main Street | | 800 S. Gay Street |
| Room 669 | | Ste. 2300 |
| Knoxville, TN 37902 | | Knoxville, TN 37929 |

This the *29th* day of *March*, ~~2016~~ *2021*.

_____
BRETT D. STOKES