UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BILLIARDS & BREWS, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 3:21-CV-120 |
| v. | ) |
| | ) Judge Collier |
| CITY OF KNOXVILLE, TENNESSEE and | ) |
| THE KNOXVILLE CITY COUNCIL, | ) Magistrate Judge Guyton |
| | ) |
| *Defendants.* | ) |

**MEMORANDUM & ORDER**

Before the Court is a motion to remand this case to the Chancery Court for Knox County, Tennessee, filed by Plaintiff, Billiards & Brews, LLC. (Doc. 5.) Defendant City of Knoxville (the "City") filed a response in opposition (Doc. 8). Plaintiff has not replied, and its time to do so has not yet expired. *See* E.D. Tenn. L.R. 7.1(a)(3). A reply is not generally necessary, however, and the Court finds one unnecessary here. *See id.* 7.1(c).

**I.      BACKGROUND**

Plaintiff filed this action in the Chancery Court of Knox County, Tennessee, on March 29, 2021, attacking Defendants' adoption of a curfew against the on-premises consumption of food or drink after 10:00 p.m. and the related revocation of Plaintiff's beer permit. (Doc. 1-1 (the "Complaint") at 2–4.) The jurisdictional paragraph of the Complaint alleges it "is brought for declaratory action, violation of constitutional rights under the Tennessee constitution and injunctive relief." (*Id.* ¶ 4.)

The Complaint contains five counts. (*See id.* at 5–11.) Counts One, Two, Four, and Five raise state-law claims.[1] (*Id.* at 5–7, 9–11.) Count Three, however, alleges that "[t]he curfew law violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and corresponding provision of the Tennessee Constitution" because the curfew law treats similarly situated businesses differently. (*Id.* ¶ 43). Count Three goes on to allege the curfew law is arbitrary and capricious and subjects Petitioner to irreparable injury, including the possible loss of its business. (*Id.* ¶¶ 44–47.) Count Three concludes with a request for a declaratory judgment and a preliminary and permanent injunction in its favor. (*Id.* ¶ 48.)

Defendants removed the case to this Court on April 1, 2021, alleging the existence of federal-question jurisdiction. (Doc. 1.) On April 7, 2021, Plaintiff filed a motion to remand, arguing all of its claims arise out of violations of the Tennessee Constitution. (Doc. 5.) The City responded in opposition on April 8, 2021, arguing Count Three of the Complaint asserts a claim under federal law. (Doc. 8.)

**II.  STANDARD OF REVIEW**

The party seeking removal to federal court bears the burden of establishing the district court has original subject-matter jurisdiction over the matter. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions are "strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

---

[1] Count Five refers to the purpose of "[t]he Separation of Powers Doctrine of both the Tennessee and United States Constitution," but it does not expressly allege a violation of the United States Constitution. (Doc. 1-1 ¶¶ 59–61.)

2

United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether federal-question jurisdiction exists depends on "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)); *see also Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012). "[T]he well-pleaded-complaint rule focuses on what the plaintiff alleges," but it still "allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).

### III. DISCUSSION

The City contends the Court has federal-question jurisdiction based on Count Three, which expressly invokes the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (Doc. 8 at 8.) Plaintiff argues all of its claims arise only out of the Tennessee Constitution, and its "mere reference to federal law" in Count Three is not a sufficient basis for removal. (Doc. 5 at 4.)

The face of Plaintiff's Complaint presents a federal question. Count Three alleges Defendants' actions violate both the federal and the state Constitutions. (Doc. 1-1 ¶ 43.) Count Three then asks for a declaratory judgment and an injunction based on the violation of these rights. (*Id.* ¶ 48.) Count Three, and therefore the Complaint, thus seeks relief under both federal and state law.

3

Case 3:21-cv-00120-CLC-HBG   Document 13   Filed 04/14/21   Page 3 of 5   PageID #: 93

Contrary to Plaintiff's characterization, its invocation of the Equal Protection Clause of the Fourteenth Amendment is not a "mere reference" to federal law. (*See* Doc. 5 at 1, 4.) Rather, it is the assertion of both a federal and a state-law claim in the same count. Plaintiff relies on *Skaggs*, 549 F.3d at 478–79, for the proposition that a mere reference to federal law in a complaint does not create federal-question jurisdiction. (Doc. 5 at 4.) The proposition of law is correct, but it has no application here. In *Skaggs*, the complaint asserted a single, state-law cause of action, asserted no express claims under federal law, and expressly *disclaimed* any federal claims. *Id.* at 471, 475, 478. On appeal, the Court of Appeals for the Sixth Circuit considered, among other things, whether the plaintiff's complaint amounted to artful pleading by invoking the substance of an equal-protection claim without asserting its form. *Id.* at 478. Here, the Court need not even reach an artful-pleading analysis, because federal-question jurisdiction exists in the first and most obvious way: Plaintiff expressly alleges a claim arising under the Constitution of the United States on the face of the Complaint.[2] (*See* Doc. 1-1 ¶¶ 42–48.)

## IV. CONCLUSION

The Court finds it has original subject-matter jurisdiction over this action because the Complaint contains a federal claim.[3] The Court accordingly **DENIES** Plaintiff's motion to remand this case to the Chancery Court for Knox County, Tennessee (Doc. 5).

---

[2] Plaintiff also argues it did not assert a federal question because the prayer for relief refers only to the Tennessee Constitution. (Doc. 5 at 2–5.) Federal-question jurisdiction hinges on the claims asserted, "no matter how the plaintiff casts them." *Skaggs*, 549 F.3d at 475. The prayer for relief therefore does not deprive the Court of federal-question jurisdiction, as Count III expressly alleges a claim under the Equal Protection Clause of the Fourteenth Amendment.

[3] Plaintiff refers to the standard for exercising supplemental jurisdiction over state-law claims, but Plaintiff does not develop any argument that the exercise of supplemental jurisdiction

4

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

over its state-law claims is improper. (*See* Doc. 5 at 4 (citing *Fossyl v. Milligan*, 317 F. App'x 467, 473 (6th Cir. 2009).)